
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
OCT 0 3 2006
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MALIK ALEEM | DOCKET NO. 06-CV-0608 |
| VERSUS | JUDGE TRIMBLE |
| T. W. THOMPSON, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint filed under 28 USC §1983 by Plaintiff Malik Aleem, *in forma pauperis*. Aleem claims that his civil rights were violated by the defendants while he was incarcerated at "J.L.D.C.C." in Jena, Louisiana. On June 20, 2006, Aleem was ordered to amend his complaint and allege **specific facts** to support the claim that his constitutional rights were violated by each defendant. Specifically, he was ordered to state what each defendant did to violate Plaintiff's civil rights and what injuries Plaintiff suffered as a result. Plaintiff failed to provide the requested information to the Court.

Aleem is currently incarcerated at the LaSalle Correctional Center ("LCC"). His lawsuit, however, is based on Plaintiff's claim that his civil rights were violated by Defendants, Warden T.W. Thompson and Major Rogers, while Plaintiff was temporarily housed at a correctional facility in Jena, Louisiana,.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff has alleged the following facts, all of which occurred in the aftermath of Hurricane Katrina in 2005:

1. On August 31, 2005, Plaintiff was transferred from Jefferson Parish Correctional Center in Gretna, Louisiana, to JLCC in Jena, Louisiana, because of a power outage, chemical spill, and lack of running water.

2. In route to Jena, Louisiana, Plaintiff and other inmates rode on buses for approximately twelve hours without food, water, or restroom facilities.

3. Upon arrival at the Jena facility, Plaintiff and other inmates were beaten, tortured, punched, kicked, and made to lie on the cold floor for hours.

4. Plaintiff was subjected to ridicule, humiliation, and embarrassment.

5. The warden, T. W. Thompson, took part in the abuse.

6. On September 17, 2005, Plaintiff and other inmates were forced to stand in a dehumanizing and humiliating position in the shower area.

7. Plaintiff and other inmates were stripped and searched in front of female officers.

8. Plaintiff was housed at the Jena facility from September 1, 2005 through October 10, 2005, during which time he had no access to legal materials or counsel.

9. Many detainees now suffer from mental anguish, trauma, and paranoia due to the actions of the defendants.

10. Thompson conspired with his employees or subordinates in his official capacity as Warden.

11. All prisoners were subjected to racial slurs and insults.

Plaintiff seeks appointment of counsel and a jury trial as well as punitive damages in the amount of five hundred thousand dollars ($500,000).

## LAW AND ANALYSIS

1.  **Appointment of Counsel**

    Plaintiff requested that counsel be appointed to assist him in this litigation. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." Robbins v. Maggio, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See Parker v. Carpenter, 978 F.2d. 190 (5th Cir. 1992), citing Murphy v. Kellar, 950 F.2d. at 293, n.14; *see also* Ulmer, 691 F.2d. at 213, and Jackson, 864 F.2d. at 1242.

    In this civil rights complaint, Plaintiff has alleged that the defendants violated his rights to be free from cruel and unusual punishment. He claims that they physically and emotionally abused him and his fellow detainees/inmates. The claim is not atypical of those often asserted in civil rights litigation and is not complex. Finally, Plaintiff has failed to demonstrate that he has attempted to procure counsel on his behalf.

    Accordingly, Plaintiff's request for appointment of counsel should be denied as the allegations contained in the complaint do not demonstrate "exceptional circumstances" which would

warrant the appointment of counsel at this time, and Plaintiff has failed to demonstrate any effort to secure counsel on his own behalf.

2.     **Frivolity Review**

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1).

A hearing need not be conducted for every *pro se* complaint. See Wilson v. Barrientos, 926 F.2d 480, 483, n. 4 (5th Cir. 1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. See Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." Jolly v. Klein, 923 F.Supp. 931, 942-43 (S.D.Tex. 1996).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood,

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992).

47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias at 97.

3.  **Analysis**

Plaintiff has alleged that he and other inmates were subjected to cruel and inhumane treatment while temporarily housed in Jena, Louisiana after Hurricane Katrina. Plaintiff was a pre-trial detainee at the time of the alleged abuse. Challenges to the constitutionality of conditions of pre-trial confinement are evaluated under the Fourteenth Amendment Due Process Clause. See Bell v. Wolfish, 441 U.S. 520 (1979). Under the Due Process Clause "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Hubbard v. Taylor, 399 F.3d 150, 158 (3rd Cir. 2005)(citing Bell, 441 U.S. at 535). To decide whether a pretrial detainee's constitutional rights have been violated, the court must determine whether the "disability is imposed for punishment or . . . [for] some other legitimate governmental purpose." Bell, 441 U.S. at 539. If a particular condition or restriction of pre-trial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment. Id.

The Fifth Circuit has held that **some physical injury** is an indispensable element of an excessive force claim. See Hudson v. McMillian, 962 F.2d 522, 523 (5th Cir. 1992). (citing Knight v. Caldwell, 970 F.2d 1430, 1432-33 (5th Cir. 1992). Under Title 42 U.S.C. § 1997e(e), an inmate cannot recover for mental and emotional injury suffered while in custody without a prior showing of physical injury. The United States Fifth Circuit has held that the phrase "physical injury" in §1997e(e) means an injury that is more than *de minimis*, but need not be significant. See Alexander v. Tippah County, Miss., 351 F.3d 626 (5th Cir. 2003)(citations omitted). In the instant matter, Plaintiff has failed to establish that either of the named defendants caused him more than *de*

*minimis* physical harm. A *de minimis* injury does not rise to the level of a constitutional injury.

Plaintiff claims that "we" were treated in an inhumane manner upon arrival at the Jena facility, and that "we" were punched, kicked, and thrown face-down on the floor. He did not indicate whether the punches or kicks were done by either or both of the defendants, or some other guards. Plaintiff also stated, "During these actions I was subjected to ridicule, humiliation, embarrassment, and de-humanization." [Doc. #1, p.5] Plaintiff did not state what, if any, physical injuries he suffered as a result of the alleged mistreatment, only that he and other inmates suffered from mental anguish, anxiety, psychological trauma, and paranoia as a result of the mistreatment.

Plaintiff was ordered to amend his complaint with simple instructions specifically tailored to elicit facts that might support his claims, such as what specific injuries he suffered as a result of the alleged mistreatment. Still, Plaintiff failed to provide that information. "Although we construe IFP complaints liberally, particularly in the context of a § 1915(d) dismissal, we are still bound by the allegations in the complaint, and are not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias v. Raul A., 23 F.3d 94, 97 (5th Cir. 1994). Plaintiff has failed to assert an essential element of his excessive force claim; that is, he has failed to allege more than a *de minimis* injury. Further, plaintiff has failed to allege what specific acts were committed by Defendant Rogers and what specific acts were committed by the Warden.

Accordingly,

**IT IS RECOMMENDED** that petitioner's civil rights complaint (42 U.S.C. §1983) be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §1915 and §1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 3rd day of October, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE